UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HONG MAI,

                      Plaintiff,

                 - against -

NEW YORK STATE OFFICE OF
TEMPORARY DISABILITY ASSISTANCE;
and NEW YORK CITY HUMAN RESOURCE
ADMINISTRATION, DEPARTMENT OF
SOCIAL SERVICES, 079 Center,

                     Defendants.
-------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-MC-120 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

By order entered October 10, 2000, the Honorable Allyne R. Ross enjoined Hong Mai from filing any new complaints in this Court without first seeking leave to do so. *See Mai v. N.Y. State Dep't of Welfare*, No. 00-CV-5914-ARR-CLP (E.D.N.Y. Oct. 10, 2000). Ms. Mai then commenced the instant action by submitting a proposed complaint along with a request for leave to file. For the following reasons, Ms. Mai's motion for leave to file is denied and this action is dismissed.

The proposed complaint seeks review, pursuant to Article 78 of New York's Civil Practice Law and Rules ("Article 78"), of the decisions of the New York State Office of Temporary and Disability Assistance regarding Ms. Mai's application for Supplemental Nutrition Assistance Program ("SNAP") benefits. (Compl. ¶¶ 1, 10.) To summarize briefly, Ms. Mai requested that the New York City Human Resources Administration provide replacement SNAP benefits after her food was damaged due to a defective refrigerator. (*Id.* ¶¶ 5-6.) After a Fair Hearing before

1

the Office of Temporary and Disability Assistance (Compl. at ECF[1] 3-4), the Human Resources Administration's Department of Social Services denied Ms. Mai's request. (*Id.* at 9.) Having brought her claims to this Court, Ms. Mai now requests that a "summons be issued directing defendants [to] appear before the Court," that "Defendant be ordered to submit a certified copy of the transcript of the record," that the Court "modify the decision to pay the money [to] replace the damage[d] food," and "other and further relief" that "this Court may [deem] proper and just." (*Id.* at 2.) In her request for leave to file, Ms. Mai states that she is disabled, depends on welfare benefits, is eligible for food stamps, and that it is not her fault that the food was damaged. (*Id.* at 16.)

Having carefully considered the proposed complaint and request for leave to file, the Court concludes that Ms. Mai has not presented valid grounds for lifting the filing injunction against her. *See Biton v. Verilli*, Nos. 17-MC-803 & 17-MC-804, 2017 WL 6383885, at *1 (E.D.N.Y. May 15, 2017) (denying plaintiffs' applications for leave to file complaints where their "request does not provide any valid reason to allow the proposed actions to go forward"). The proposed complaint's request for assistance in obtaining replacement SNAP benefits does not present any basis for this Court's subject matter jurisdiction and fails to state a claim entitling Ms. Mai to relief in this Court. Because Ms. Mai's allegations present "a routine dispute over the amount of food stamp benefits issued," the Court concludes that the proper forum for her grievance "is a state proceeding brought under Article 78." *Vapne v. Eggleston*, No. 04-CV-565, 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004); *see Davis v. Proud*, 2 F. Supp. 3d 460, 489 (E.D.N.Y. 2014) ("If a New York applicant wishes to challenge the resolution of her application after a fair hearing, she must do so

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

by bringing a proceeding in state court under Article 78 of the New York Civil Practice Law and Rules." (quotation omitted)). To the extent Ms. Mai attempts to advance a procedural due process claim under the United States Constitution, the Court is unpersuaded that any such claim would be sufficiently meritorious to justify the lifting of filing restrictions. *See Riano v. Town of Schroeppel*, No. 13-CV-00352, 2015 WL 4725359, at *4 (N.D.N.Y. Aug. 10, 2015) ("New York State statutes provide an opportunity for full and complete judicial review of all administrative determinations. The availability of such judicial review satisfies the dictates of procedural due process.").

## CONCLUSION

For the foregoing reasons, the Court denies Ms. Mai's motion for leave to file the proposed complaint and dismisses this action. The order barring Ms. Mai from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 23, 2019
    Brooklyn, New York